### DAVIS et al. v. ROSENSTEIN et al.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

APPEAL AND ERROR—TEMPORARY INJUNCTION—DISCRETION OF COURT—ABUSE —TRIAL ON MERITS—WAIVER—EFFECT.

Where the trial court, on affidavits presented, granted a temporary injunction against defendants, and the case was at issue in March, 1900, and, before the appeal was argued, issues joined in November, 1900, were tried on the equity calendar, and defendant did not insist on a trial on the merits of plaintiff's right to a temporary injunction, but took an appeal to review the discretion of the court in issuing it on the affidavits, the order appealed from will not be reversed, except in case of a plain abuse of discretion.

Appeal from special term, New York county.

Action by Samuel I. Davis and others against Nathan Rosenstein and others. From an order continuing a temporary injunction, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles Haldane, for appellants.

John Frankenheimer, for respondents.

RUMSEY, J. Orders of this kind are very largely in the discretion of the court, and although this court has the power to review that discretion, and does not hesitate to do so when called upon, yet, where the determination of the court below has involved the examination of many affidavits to ascertain the truth in respect of them, we will not usually reverse its conclusion upon a question of fact, unless we are satisfied that it is plainly wrong. In this case the affidavits presented a serious question of fact. This case was at issue upon the answer on the 5th day of March, 1900, more than

three months before the order appealed from was made. It is within the knowledge of the court that, before this appeal was argued, issues joined in November, 1900, were tried upon the equity calendar. The defendants certainly had an opportunity, if they desired, to try this action, and require the plaintiffs to establish the facts by oral testimony, and to meet that testimony by evidence of the same kind, if they saw fit. Had that been done, so that the court might determine the disputed facts of this case in a trial upon the merits, we should have been able to review these facts and conclusions of law much more satisfactorily than we can upon this record. Every one knows that the decision of a disputed question of fact upon affidavits is extremely unsatisfactory. Where the court has been called upon to determine the rights of the parties upon that sort of evidence, and the person against whom the order has been made, instead of forcing his case to trial that the merits of it may be examined, has seen fit to lie by, and not require a trial, but has preferred to review the discretion of the court when he might have had a decision upon his absolute rights devested of any question of discretion, we do not feel called upon to reverse the discretionary order except upon a clear case. Such a case is not presented here, and for that reason the order appealed from must be affirmed, with $10 costs and disbursements. All concur.