NATHAN RAY FORSHA, APPELLANT, V. NEBRASKA MOLINE PLOW COMPANY, APPELLEE.

FILED OCTOBER 17, 1913.   No. 18,071.

1. **Appeal: JOINT TORT-FEASORS: INCONSISTENT VERDICT.** In an action for negligence against several defendants, if the allegations and evidence relate wholly to the negligence of a third party not sued, who was at the time acting for all of the defendants jointly, and no direct act of negligence on the part of any party to the suit is shown, a verdict in favor of one defendant and against others is inconsistent.

2. **————: REVERSAL ON CONDITION.** In such case, if after all of the evidence is taken and general instructions as to all defendants are given, the jury is instructed to find a verdict in favor of one defendant, and the record fails to show any disposition of the case as to the other defendants, and upon appeal by plaintiff it is stated by his attorney in open court that a verdict was in fact rendered and judgment entered against the other defendants, and that, if the judgment in favor of the one defendant is reversed, he will cause the judgment against the other defendant to be vacated also, the reversal of the judgment appealed from will be made conditional upon the vacation of the judgment against the other defendants also.

APPEAL from the district court for Nuckolls county: JOHN B. RAPER, JUDGE. *Reversed on condition.*

*Stubbs & Stubbs* and *H. H. Mauck,* for appellant.

*Rich, Nolan & Woodland* and *R. D. Sutherland, contra.*

SEDGWICK, J.

This case was first tried with a jury, and upon appeal to this court the judgment was reversed (89 Neb. 770),

and motion for rehearing was overruled (90 Neb. 736). Upon the second trial in the district court the jury were instructed to find in favor of the plow company and a verdict was rendered thereon. The plaintiff has appealed.

The second trial was upon the same pleadings and evidence. The evidence upon the former trial was read from the bill of exceptions. The question presented is as to the instruction in favor of the plow company. It is insisted that the former decision was that the plow company is not liable. Upon the first appeal it was held that, if upon this evidence the Murdocks were not liable, it could not be held that the plow company was liable. The verdict was therefore "in irreconcilable conflict with itself," as said in *Gerner v. Yates,* 61 Neb. 100, and approved in *Chicago, St. P., M. & O. R. Co. v. McManigal,* 73 Neb. 585, and for that reason it could not stand for any purpose, and so upon the motion for rehearing the judgment was reversed as to all defendants.

The expert Bartlett was responsible for the management of the machinery. Both the plow company and the Murdocks relied upon him as one having expert knowledge, and, under this evidence, if there was negligence which caused the injury, it was the negligence of Bartlett. The question was whether these defendants were responsible for his conduct. The answer of the jury in the first verdict was that the plow company was responsible for Bartlett's conduct of the demonstration, but that the Murdocks were not. The majority of this court thought that this verdict was inconsistent. The place of the demonstration was at or near the place of business of the Murdocks, a place selected by them. If this was a dangerous place for the purpose, they are not less responsible for that fact than is the plow company. The Murdocks were interested financially; they expected to reap profits from the sales which this demonstration would induce; they were present, had notice of the details of the arrangements and countenanced the proceedings, and undoubtedly had authority to stop them if bystanders were endangered

36

thereby. The plow company selected and recommended the expert, and was also financially interested, and although not present, and without notice of the details of the arrangements, it was not intended to hold, as matter of law, that the Murdocks might be liable and that the plow company was not. We are satisfied that this evidence shows conclusively that Bartlett was acting for both of these parties, and a verdict in favor of one party and against the other is inconsistent and cannot be allowed to stand.

We are constrained to add that there are unfortunate expressions in our former opinion which might mislead the most prudent trial court. The fault of this unfortunate mistrial is not with the trial court, nor yet necessarily with the writer of the former opinion, but is chargeable to the writer hereof and others of the majority who insisted upon certain expressions, without sufficient thought of inconsistencies caused thereby.

The record shows that the case was tried against all defendants, and, after the court had fully instructed the jury, the plow company asked for an instruction to find in its favor. The court thereupon so instructed the jury, and there was a verdict and judgment in favor of the plow company and against the plaintiff. From this judgment the plaintiff has appealed.

There is in the record no verdict or judgment upon the issues presented as against the other defendants. So far as this record shows, the action against the Murdocks is still pending. The plaintiff's attorney, however, stated upon the argument that the jury found a verdict in favor of plaintiff and against the Murdocks, and that, if this judgment in favor of the plow company was reversed, the judgment against the Murdocks would be set aside and vacated.

If the plaintiff, within 30 days, files in this court a certificate of the clerk of the district court showing that the judgment against all other defendants has been set aside and vacated, the judgment in this case in favor of

the Moline Plow Company will stand reversed at the costs of the defendant, the Nebraska Moline Plow Company; otherwise the judgment will be affirmed.

REVERSED ON CONDITION.

REESE, C. J., concurring.

I concur in the decision and judgment in this case, but base my concurrence upon the final action of this, court on the motion for rehearing as reported in 90 Neb. 736, in which the judgment against the plow company was reversed and the cause "remanded to the district court for a new trial, with leave to the plaintiff to proceed against both of the defendants." In my opinion this was a specific direction to the district court to proceed against both defendants by a new trial of all the issues involved in the case without reference to any suggestions or expressions contained in the opinion reported in 89 Neb. 770.