(Nos. 2245, 2246.    Sept. 24, 1919.)

KEMP v. NEW MEXICO ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, SOUTH, et al.

KEMP LUMBER CO. v. SAME.

SYLLABUS BY THE COURT.

The fact that individuals were members of an annual church conference, which invited proposals from different communities of donations towards the erection of a denomina-

tional college, and received such proposals and accepted one, and thereupon voted that a corporation should be formed under article 4 of chapter 23, Code 1915, which authorizes the formation of a corporation for religious, benevolent, charitable, scientific, and literary purposes, without capital stock, and such corporation was thereafter formed, and the subscription contracts were assigned to such corporation, and the corporation thereafter, through its board of trustees, incurred indebtedness, does not render the individuals who attended the conference and approved the action taken liable for such debts so incurred by the corporation.

Appeal from District Court, Chaves County; McClure, Judge.

Actions by Edwin B. Kemp and by the Kemp Lumber Company, respectively, against the New Mexico Annual Conference of the Methodist Episcopal Church, South, B. P. Williams, and others. Dismissed as to defendant Williams, and judgments for the other individual defendants, and plaintiffs appeal. Causes considered together, and judgments affirmed.

REID, HERVEY & IDEN, of Roswell, for appellants.

C. R. BRICE and TOMILSON FORT, both of Roswell, for appellees.

### OPINION OF THE COURT.

ROBERTS, J. The facts and the rights of the parties in the above-styled cases being identical, except that Kemp's action was upon an open account and the action by the corporation was upon a promissory note, the cases will be considered together.

These actions were instituted in the district court against the appellees herein, the New Mexico Annual Conference, the General Conference Board of Education, and certain individuals, S. E. Allison, B. P. Williams, J. H. Messer, and J. K. Cochran, members of said conference. No service of process has ever been had upon the General Conference Board of Education, and

therefore nothing is claimed against that corporation. The New Mexico Annual Conference, it is admitted by the appellants, is not such an entity as can be sued and a judgment rendered against it. The appellants, however do claim that, if a case is established, a judgment can rightfully be rendered against the individuals here-in named.

The Methodist Episcopal Church, South, is governed by what is known as a General Conference, which is a national convention held every four years, which makes and promulgates certain rules, regulations, and by-laws for the government of the church, known as the Discipline. Under this Discipline it appears that each general division holds what is known as an "Annual Conference"; New Mexico and a part of Texas constituting a division. The Annual Conference is composed of all ministers and certain lay delegates elected by local and district conferences, churches, and congregations. This conference meets annually. At the Annual Conferences held in 1905, 1906, and 1907 the question of establishing a college in the division composed of New Mexico and a part of Texas was discussed, and in 1908 a committee was appointed for the purpose of receiving proposals from different communities and accepting funds that would be subscribed toward the establishment of such a college, and this committee decided to accept the proposal made by the citizens of Artesia, N. M., conditioned upon such citizens furnishing the ground upon which to erect the college buildings and $45,000 represented by promissory notes of various individuals. The notes were to be collected by the local committee at Artesia and the proceeds turned over to the college. The committee reported to the next Annual Conference, and the conference voted a corporation should be organized under the provisions of what is made the second subdivision of article 4 of chapter 23, Code 1915, which provides that five or more persons, a majority of whom shall be citizens of the United States and residents of New Mexico, may organize a corporation for religious,

benevolent, charitable, scientific, or literary purposes, or for the establishment of colleges. Such corporations are not required to have captal stock and are given power to sue or be sued.

Following out the instructions of the Annual Conference, a corporation was formed, known as the Western College of the New Mexico Annual Conference of the Methodist Episcopal Church, South, and the articles were signed by nine individuals; the appellant Edwin B. Kemp being one of the signers. It appears that all the doings of the board of trustees of the college were reported to the Annual Conference from year to year, and that vacancies upon the board of trustees were filled upon recommendation by the Annual Conference. The defendants named as defendants in the two suits were members of the Annual Conference by virtue of the fact that they were ministers having charges in the district. The college buildings were erected partly from the proceeds of the notes and $20,000 which was borrowed from the Pacific Mutual Life Insurance Company; a mortgage on the real estate being given to secure the same. The loan was also further secured by a pledge of $20,000 worth of subscription notes. It was unable, apparently, to secure the money to finance the institution, and in 1913 it closed its doors. The mortgage referred to was foreclosed, and the property sold and bought in by the mortgagee. A deed conveying the equity of redemption was executed by the trustees. Between the time that the corporation was formed and the suspension of the college Edwin B. Kemp advanced certain moneys to pay interest on the loan from the Pacific Mutual Life Insurance Company, amounting to $383.84. The suit of the Kemp Lumber Company was to recover the amount of a promissory note, dated May 1, 1912, ''due 90 days after date, payable to the Kemp Lumber Company, for the principal sum of $1,001.40,'' signed by the college corporation, by the proper officers. This was for materials furnished subsequent to the incorporation of the college.

The theory upon which a recovery was sought was that, the individuals named being members of the Annual Conference which authorized the formation of the college corporation, and having conducted the negotiations with the citizens of Artesia for the establishment of the college there, the corporation so formed was but the agent of the New Mexico Annual Conference; that the Anual Conference being an irresponsible, association though organized under the law as an entity, incapable of suing or being sued, the members of the conference were responsible for the debts created by the college.

No demurrer was filed to the complaint in either case, but· an answer was filed, which denied liability of the individuals and set up the facts fully as to the creation of the corporation and its business and purposes. Upon issue joined the case was submitted to the court, and as to B. P. Williams it was found that he was not a member of the conference and had nothing to do with the formation of the college corporation. He was dismissed from the case, and appellants did not question the propriety of the action of the lower court in this regard. The court made findings of fact, finding that the three other individuals named were not liable.

This· finding was upon the theory that the corporation was created in good faith for the purpose of conducting a college, that the debts in question were created by the college corporation, and that the individuals who had participated in the steps leading up to the formation of the corporation were not liable for the debts afterwards incurred by such corporation.

As grounds for reversal appellants argue that the individual defendants are personally liable for obligations incurred by the conference. This is readily disposed of, however, by the fact that the obligations in question were not incurred by the conference, but by the corporation created under the statute in good faith for the purpose of conducting an educational institution for

the benefit of the church. If appellants' theory should
prevail, then individuals who form a corporation for
carrying out an object authorized by law would in all
cases be liable for the debts incurred by the corporation
so formed. That they are not liable in such cases, in
the absence of fraud or other equitable ground, is uni-
versally recognized.

The next proposition urged is that the Western Col-
lege was a mere agency created by the conference for
carrying its purpose into effect. In other words, it is
argued that it was a dummy corporation, and they say
that it is a well-known rule of law, found under that
branch of corporate law designated as "Dummy Cor-
porations," that a court will not allow a corporation to
be used to defeat the practice of justice, or to commit
a fraud, or as a mere cover or dummy for individual
acts, or allow individuals to escape responsibility for
acts done for which they would be liable if individually
done, merely because done under cover of corporate
authority, citing Cook on Corporations (5th Ed.) vol.
2, § 663 and 664.

The trouble with this contention is that it nowhere
appears in the record that this corporation was formed
for the purpose of defrauding any one or resorting to
any unlawful practice. It was created in good faith
under the statute for the purpose of carrying out a
laudable object. The appellants, when they contracted
with it, were fully informed as to all its affairs, and,
while it was dominated by the members of the Annual
Conference, it was not a dummy corporation, but was
controlled and managed as are many of the great
ecclesiastical colleges of the country.

The last contention urged is that the appellees are
liable by reason of the fact that they were members of
the conference which accepted the proposition of the
citizens of Artesia, and that the conference agreed, in
consideration of the compliance by the citizens of Artesia

with their agreement to raise $45,000 and do certain other acts, they would maintain a college there; that by reason of their failure to maintain the college the college corporation was unable to collect the subscription notes, the payment of which was contingent upon the establishment and maintenance of the college.

There is no merit in this contention, however, because it clearly appears that the citizens of Artesia failed to pay the notes at the time they were due, and there is no evidence to show that the failure to maintain the college was the fault of the General Conference. There was no evidence of misappropriation of funds or wrongdoing upon the part of either the Annual Conference or the trustees of the college. It was simply a case of inability to finance the institution which was occasioned by reason of the failure of the citizens of Artesia to promptly meet the obligation which they had incurred. We have carefully considered the record and briefs and find no legal liability on the part of the individuals named for the debts in question.

The judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.