# Nupp v. Estep Brothers Coal Mining Co. et al., Appellants.

*Workmen's compensation—Injury — Death — Reduction of payments—Widow—Act of June 26, 1919, section 306, P. L. 642, 646.*

1. Under the Act of June 26, 1919, P. L. 642, 646, where a workman, after having received weekly compensation for a number of weeks, dies as a result of his injuries, the only period which should be reduced by reason of payments to the deceased in his lifetime, is the period of three hundred weeks during which compensation is payable to his widow.

2. The act does not provide for a double deduction from the widow and children.

Argued October 4, 1921. Appeal, No. 65, Oct. T., 1921, by defendants, from judgment of C. P. Indiana Co., Sept. T., 1920, No. 233, approving decision of Workmen's Compensation Board, affirming award of referee in case of Alice Nupp v. Estep Brothers Coal Mining Co. et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before LANGHAM, P. J.

The opinion of the Supreme Court states the facts.

Decision of Workmen's Compensation Board affirmed. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Frank P. Martin,* for appellant.

*J. W. Leech,* of Leech & Leech, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

The amending Workmen's Compensation Act of June 26, 1919, P. L. 642, 646, section 306, provides: "Should the employee die as a result of the injury, the period during which compensation shall be payable to his dependents, under section three hundred and seven of this article, shall be reduced by the period during which compensation was paid to him in his lifetime, under this section of this article."

Irvin Nupp, an employee of defendant, was injured on December 23, 1918, and died March 3, 1920, as a result of his injuries. He had received compensation for a period of fifty-eight weeks at the rate of ten dollars per week under the Act of 1915. He left to survive him a widow and four children.

The insurance carrier of defendant claimed, under the section of the act quoted, that the period during which compensation is payable to the widow, three hundred weeks, should be reduced fifty-eight weeks, by reason of the payments made to the husband while he lived, and that, at the end of the two-hundred-and-forty-two-week period, during which the widow will be entitled to receive compensation, payment should be commenced to the children, but that payment to them should terminate, with respect to each child, fifty-eight weeks prior to its sixteenth birthday. An agreement to this effect having been tendered the widow, she refused to sign it, and a claim petition was filed with the compensation referee, who declined to find as defendant requested, and held that the only period which should be reduced, by reason of payments to the decedent in his lifetime, was the period of three hundred weeks during which compensation was payable to the widow, and that, at the end of the two-hundred-and-forty-two-week period, during which payments were to be made to her, payments should be made to the children until each child not then sixteen years of age should reach that age. This finding was approved by the compensation board and by the com-

mon pleas on appeal to it; from the action of the latter, the defendant brings this appeal.

To give effect to the contention of appellant would be in the teeth of the explicit terms of the act, section 307, subsection 7, which provides, "the compensation of each child shall continue after said period of three hundred weeks until such child reach[es] the age of sixteen." Two of the children will be under sixteen years of age when payments cease to the widow; the effect of giving to the section of the act under consideration the construction contended for, would be to stop the payments, not when the act says they shall cease, when these children are sixteen years old, but when they are fourteen years and ten months old. The answer to this contention is that the law is not so written.

The act does not provide for the double deduction from the widow and the children, but that "the period," thereby meaning in this case the three-hundred-week period, shall be reduced "by the period" during which the deceased received compensation in his lifetime.

The judgment of the court below was correct and we affirm it.