(No. 2584.    Jan. 13, 1922.)

## HUMPHREYS et al. v. FLETCHER.

### SYLLABUS BY THE COURT

(1)   The term of an oil and gas lease, definitely fixed, is not extended by payment of rentals which, under the provisions of the lease, may be paid in lieu of drilling.    P. 641

(2)   Defects in a complaint, supplied by other pleadings or proof below, may not be raised for the first time on appeal.    P. 642

Appeal from District Court, Eddy County; Bratton, Judge.

Action by Mary E. Fletcher against S. G. Humphreys and another. Judgment for plaintiff, and defendants bring error. Affirmed.

E. P. Davies, of Santa Fé, for plaintiffs in error.

S. D. Stennis, Jr., and Chas. H. Jones, both of Carlsbad, for defendant in error.

### OPINION OF THE COURT

DAVIS, J.   On the 19th of October, 1917, Mary E. Fletcher executed an oil and gas lease in favor of S. G. Humphreys upon real estate in Eddy county. The lease on its face was for a term of two years and as long thereafter as oil or gas should be produced from the premises by the lessee. Humphreys assigned the lease to Faris.

On November 1, 1919, after the expiration of the two-year period, a complaint was filed by Mary E.

Fletcher against Humphreys and Faris, alleging that they were still asserting some claim or rights under the lease; that no oil or gas had ever been produced from the premises; and praying that the lease be declared inoperative and canceled, and that the defendants be barred and estopped from claiming any rights under it.

After the introduction of evidence on the trial of the case the defendant Faris asked leave to file a second amended answer, so as to make his pleadings conform to his theory of the facts as proven. This permission was granted and the answer filed. In it he admitted that plaintiff was the owner of the real estate upon which the lease was executed, admitted that he was the owner of the oil and gas lease, and by way of new matter and cross-complaint alleged that the lease was for a term of five years instead of two years. The answer stated that Humphreys prepared the lease for a term of five years and sent it by mail to Mary E. Fletcher for execution; that she altered the form sent her by changing the word "five" to "two," so that the lease on its face was for a term of two years, and then returned it to Humphreys by mail. Humphreys did not read the lease, but took it on the assumption that it was for a period of five years, and under the same belief he assigned it to Faris and Faris accepted it, and the fact that the lease was for two years instead of five was not discovered until this proceeding was commenced. The prayer of the cross-complaint was that the lease be reformed so as to make it for a term of five years.

The only issue presented to the court under these pleadings was as to the term of the lease.

Plaintiff introduced the lease in evidence, proved that no oil or gas had been produced, and rested. Defendant Faris introduced evidence in support of

his contention that the intention of the parties was to make a five-year lease and some other evidence as to the payments of rentals, which, in the view we take of the case was immaterial.   The court found the issues of fact in favor of the plaintiff, declared the lease inoperative, null, and void, and barred the defendants from claiming any rights under it.

[1]   The lease contained the common provisions as to drilling by the lessee or payment of rent in lieu of drilling.  It provided that if no well was commenced on or before the 19th day of October, 1918, the lease should terminate, unless on or before that date the lessee should pay a certain rental, payment of which should defer the obligation to drill for 12 months from that date, or until October 19, 1919. The lease likewise provided that similar payments should further defer the drilling for like periods. Plaintiffs in error argue that the complaint was insufficient to constitute a cause of action and therefore conferred no jurisdiction upon the trial court, because it did not allege that the term of the lease had not been extended by payments of this rental money.   But the lease did not provide that the two-year term should be extended by payment of the rent.   The only possibility of the extension of that period under the lease was by the production of oil or gas.   The payment of rent obviated the necessity for drilling within the time stipulated, but went no further.   Obviously the right of occupation of the premises for the purpose of drilling was limited by the term of lease, and the payment of rent in lieu of drilling was effective only during the lease term.   To this effect is Indiana Natural Gas & Oil Co. v. Granger, 33 Ind. App. 559, 70 N. E. 395. Allegations relative to such rental payments were neither necessary nor proper in the complaint.

In Archer on Oil and Gas, p. 122, the construction above given is stated as follows:

"What is called the 'rental period' must not be confounded with the 'term' of the lease. The term is fixed. The rental period, while definitely stated, is the subject of modification or waiver during the term by the lessor and lessee at their pleasure, and such modification or waiver need not be in writing, while if oil or gas is not found in paying quantities, to extend the term a new lease or writing to that effect is necessary."

This construction of the lease likewise disposes of the argument of plaintiffs in error that the defendant in error ratified the lease and cured any defects in its performance as to drilling by the acceptance of partial payments of the rent, or that she was obligated to restore the status quo by returning amounts received in such partial payments. The payment of rental had nothing to do with the extension of the two-year term stated in the lease.

Plaintiffs in error likewise contend that the complaint was insufficient upon its face because it stated no ground for equitable relief, and the argument is made that it cannot be supported as a bill to remove a cloud on the title because the complaint does not allege title or ownership of the land, possession of it, nor in terms that the claim of plaintiffs in error constituted a cloud on the title or was adverse to her estate. No demurrer was filed nor was any attack made upon the sufficiency of the complaint in the court below. The only theory upon which the question can be raised here is that the complaint was so defective that no jurisdiction was conferred upon the trial court. In passing upon such a matter after trial, we look to the entire record.

[2] Plaintiffs in error, instead of attacking the complaint, invoked the equitable jurisdiction of the court by asking for the reformation of the lease, and by their pleadings and proof supplied the defect in the complaint in their failure to allege title, possession, and the adverse nature of their claim.

They cannot suggest the defects in this court for the first time. In Jamison v. McMillen, 26 N. M. 231, 190 Pac. 726, the court said:

"If the defendant fails to object to the complaint and litigates the material fact or facts omitted therefrom, he cannot after judgment raise the question as to the insufficiency of the complaint, and on appeal the complaint would be amended to conform to the facts proven on the trial."

If equitable jurisdiction was lacking under the complaint, it was conferred by the amended answer and proof. The court determined the issues of fact against plaintiffs in error and refused to reform the lease. The finding of the issues against plaintiffs in error was conclusive of this case.

The plaintiff in error Humphreys filed no pleadings in the lower court and did not appear on the trial, but since no distinction is drawn between the two plaintiffs in error in the briefs of the parties here we make none.

The judgment of the trial court is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.