PODELL, Respondent, vs. GRONIK, Appellant.

*October 12—November 9, 1938.*

For the appellant there was a brief by *Weinstein & Kline,* attorneys, and *Benjamin Poss* and *Joseph P. Brazy* of counsel, all of Milwaukee, and oral argument by *Mr. Brazy, Mr. Poss,* and *Mr. Maurice Weinstein.*

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

Rosenberry, C. J.   The plaintiff is an attorney, thirty-nine years of age, admitted to practice in June, 1922.   Since being admitted he has been practicing in Milwaukee, specializing during a considerable part of the period in liquor-law violations.   He has not been admitted to practice before the treasury department of the United States board of tax appeals.   His experience in tax matters was confined largely to the filing of compromise offers in liquor cases.

The defendant is a wholesale grocer, seventy-one years of age.   He had sold large quantities of sugar to bootleggers. After raids upon two stills, which had done business with him, the internal revenue department charged him with being interested in and accessory to the operation of the stills, and laid a tax of $5,697.49 on account of one still and $42,377.73 on account of a second still.   The defendant had had other difficulties with the revenue department, and had employed two other attorneys.   Their efforts were not successful, and the plaintiff being recommended to the defendant as having special skill in the class of cases involved, the defendant retained him.   To enforce its claims the government had placed a lien upon all of the property owned by the defendant, including his real estate, his bank account, his grocery store, and other assets, having a total value of some $71,000.

The plaintiff's version of his employment is that on February 19, 1936, he told the defendant when he inquired about plaintiff's charges, that he did not know because he could not tell what amount would be saved, and after some discussion he told the defendant:

"The fee I can't mention at this time, but the more I can save you the more it will cost you," to which he says Gronik replied: "I would rather give it to you, and I wouldn't give the government one cent."

From defendant's testimony it appears that he went to several lawyers. Apparently he was shopping around. The defendant testified that when he asked the plaintiff "What are you going to charge me?" the plaintiff replied:

"I can't tell you now what I am going to charge you, but I wouldn't charge you much because this is an easy case. This is a case you ain't connected with any liquor. . . . There is hundreds of wholesalers who are selling sugar,"—to which plaintiff replied: "Still I want to know exactly before you go into the case." He said: "I will let you know."

Later, on the 11th day of June, the defendant testified that he went to plaintiff's office, and the first question plaintiff asked him was "You wanted to know what it was going to cost you." I said: "Naturally, I told you before, I don't go into it," to which the plaintiff replied:

"It will cost you $1,500, $500 I want you to pay me now and the balance when the case will be finished."

After some argument defendant testified that plaintiff came down to $1,200, and that they finally agreed upon $1,000, to which plaintiff replied: "Well, all right then, you will give me $500 now." The $500 was paid that afternoon.

Upon the trial the plaintiff testified that he would not have charged the defendant anything if he had lost the case. The testimony of three lawyers was introduced. From their testimony it appears that a charge of from thirty per cent to

fifty per cent of the amount of money saved would be reasonable, in this case from $15,000 to $20,000. One attorney was called on behalf of the defendant, and he testified that in his opinion the services would be worth $1,500.

When the controversy had been disposed of the plaintiff sent the defendant a bill for one third of the total tax assessed, which amounted to $48,075.22, the bill amounting to $16,025.06, upon which was credited the sum of $550 advanced as expense money. Upon the trial the jury found in the first cause of action, the liquor-tax case, for the plaintiff the sum of $14,422.57, and in the income-tax case the sum of $50. The plaintiff had judgment accordingly.

It appears from the books of the plaintiff that he spent forty-seven hours, parts of twenty-five days, upon the case, and in addition was absent from his office three days on a trip to Washington. It is apparent that the recovery in this case is based upon what might be considered a fair contingent fee. The testimony of the three lawyers called by plaintiff is based solely on a percentage of the amount levied and not on the amount of time spent. An attorney may not enter upon an employment based upon the reasonable value of his services, and when the matter terminates favorably charge client on the basis of a contingent fee. While the plaintiff testified in this case that if unsuccessful he would have charged the defendant nothing, he was very careful according to the testimony of the defendant and there are some circumstances which strongly corroborate it, not to enter into a contingent-fee arrangement. In the absence of such an arrangement it is considered that he is entitled to recover only the reasonable value of his services. Plaintiff's account of the time spent shows that he was engaged at the most twenty-eight days, three of which were spent away from his office. On the basis of the amount found by the jury, the plaintiff would receive something over $641 a day

for his services. His expenses had already been paid by the amount advanced by the defendant. A charge of that amount for the kind of service rendered by the plaintiff we consider exorbitant if not extortionate. It may well be that the plaintiff devoted more time to the consideration of the defendant's affairs than would appear from the account which he kept. When he rendered his account to the defendant he expanded it very materially by setting out in considerable detail what he did during the hours of which he kept account in his book. For instance, on April 1, 1936, his book shows he spent one hour. Statement rendered shows:

"Spent considerable time at federal building discussing the release of the liens, so that Mr. Gronik would be able to secure a bond, and that he could put up his property as collateral therefor, and also spent considerable time with Mr. Gronik in discussing where the bond could be obtained and under what circumstances."

No doubt in fixing the fee to which the plaintiff is entitled there must be taken into consideration the amount involved, the character of the services rendered, time spent, and the fact that the services produced a favorable result. *Will of Willing* (1926), 190 Wis. 406, 209 N. W. 602. If the plaintiff be allowed $50 a day for office services and $100 a day for the time he was absent from his office, it is considered that that would be a maximum reasonable charge, counting each day on which he rendered services a full day. There is no evidence in the case as to the value of plaintiff's services upon a per-diem basis. It is all upon a lump-sum basis. The plaintiff should account for the amount advanced for expenses. If his expenses exceed the amount paid, he is entitled to be reimbursed. If they are less than the amount received for expenses the remainder should be applied upon his fee. As the record stands, there is no evi-

dence showing that the services were worth less than the sum of $1,500.

It is considered that if the defendant is willing to permit judgment to go against him for that amount with payment of expenses on the basis indicated, the plaintiff is entitled to judgment in that sum, otherwise there should be a new trial.

*By the Court.*—Judgment is reversed, and the cause remanded for a new trial unless within twenty days after receipt of the record in the court below the defendant elects to permit judgment to go against him for the sum of $1,500, payments made to be accounted for as indicated in the opinion.