153 P.2d 676

**GONZALES v. SHARP & FELLOWS CONTRACTING CO. et al.**

No. 4808.

Supreme Court of New Mexico.

March 20, 1944.

On Rehearing Nov. 17, 1944.

Joseph L. Smith and Mechem & Hannett, all of Albuquerque, for appellants.

Arthur Livingston and Carl H. Gilbert, both of Santa Fe, for appellee.

SADLER, Chief Justice.

This is an appeal from a judgment of the district court of Santa Fe County awarding compensation to the appellee as plaintiff below for the benefit of herself and her four minor children following the death of her husband in an industrial accident. The employer and its insurer, complaining of the judgment against them, prosecute this appeal. The facts were found by the court, apparently from the pleadings, and appear not to be in dispute.

While working for the employer near Cerrillos, in Santa Fe County, on July 10, 1939, the husband of plaintiff suffered an accidental injury arising out of and in the course of his employment. As a result of the injuries so received the husband immediately became totally disabled and so continued until the time of his death on July 8, 1943. He died as a result of the injuries received in the accident. His average weekly earnings at the time of his injury were thirty dollars. The employer paid him compensation at the rate of eighteen dollars per week from the date of his injury to the time of his death. It also paid to plaintiff the statutory sum of one hundred fifty dollars as funeral expenses following the decedent's death.

Within a short time after decedent's death, the plaintiff, as his widow, asked and was granted leave by the District Court of Santa Fe County to file a claim on behalf of herself and four minor children as beneficiaries entitled to workmen's compensation. The leave was granted and the claim filed. In setting forth her claim the plaintiff admitted payments by the employer during decedent's lifetime running from the date of the injury to the date of his death. She also admitted payment subsequent to his death of one hundred fifty dollars for funeral expenses. She alleged her understanding that the employer and insurer would continue to pay to her and the children the sum of eighteen dollars per week for the period of time over which they admitted liability. Her petition went on to

say that a disagreement had arisen between her and the defendants as to the period of time for which such payments should continue.

The claimant then prayed for alternative relief. She asked either (1) that, pursuant to the provisions of 1941 Comp., § 57-913, the defendants be ordered to continue payments for the unexpired portion of the five hundred fifty weeks for which her husband would have received compensation had he continued to live; or (2), in the alternative and evidently invoking 1941 Comp. § 57-918(a) (2), that the defendants be ordered to pay to the plaintiff for her own benefit and that of her four minor children compensation at the statutory rate for the period of three hundred weeks from the date of the death of decedent.

The defendants answered, denying altogether the plaintiff's right to recover compensation under the first alternative presented by her claim and, further answering, they denied that they were under any other liability than that imposed by the second alternative, to-wit: the payment of eighteen dollars per week for a period of three hundred weeks but running from the date of the injury to decedent rather than from the date of his death. They expressed their willingness and formally offered to continue payments for three hundred weeks from the date of injury to the deceased workman.

The matter came on for trial upon the petition and answer. Apparently the court made its findings of fact from admissions in the pleadings. The facts found are as follows:

"1. That Cayetano L. Gonzales received an injury suffered by accident arising out of and in the course of his employment while working for the defendant employer on the 10th day of July, 1939, near Cerrillos, Santa Fe County, New Mexico, as a jack hammer operator engaged in cutting rock on a hillside, at which time his average weekly earnings were thirty dollars ($30.00).

"2. That as a result of said accident the said Cayetano L. Gonzales became totally disabled and defendant insurer paid said injured workman the sum of eighteen dollars ($18.00) per week from the date of the injury until the date of his death under the provisions of the Workmen's Compensation Act of New Mexico.

"3. That the said Cayetano L. Gonzales died on the 8th day of July, 1943, as a result of said injury and accident.

"4. That at the time of his death the said Cayetano L. Gonzales left as dependents the plaintiff, his widow, and four (4) minor children.

"5. That the defendant insurer has paid plaintiff the sum of one hundred and fifty dollars ($150.00) in full payment of funeral expenses as provided by the said Act.

"6. That the defendant employer and defendant insurer have been paying and will continue to pay to plaintiff the sum of eighteen dollars ($18.00) per week for a period of time beginning at the date of

death, to-wit: July 8th, 1943, and ending at the expiration of three hundred (300) weeks from the date of injury, to-wit: July 10th, 1939.

"7. That under the pleadings and by oral stipulation of counsel there are no issues of fact and it is agreed that plaintiff is entitled to receive for herself and the minor children, dependents of Cayetano L. Gonzales, deceased, the sum of eighteen dollars ($18.00) per week under the Workmen's Compensation Act of New Mexico, but there is one question of law to be decided by the Court in this matter: for how many weeks shall judgment be given to plaintiff?"

From the foregoing findings the court concluded that the plaintiff was entitled to be awarded compensation at the rate of eighteen dollars per week for three hundred weeks, dating from the time of the injury on July 10, 1939, without deduction for any payments made to the decedent during his lifetime. The court further concluded that there was presently due from the defendants to the plaintiff the total of accumulated weekly installments which should be paid forthwith and the weekly payments continued thereafter until the remaining payments sufficient to make up three hundred weekly payments had been completed. Judgment was rendered accordingly.

The defendants claim error in the judgment so rendered in two respects. First (and for the first time, since the question was not raised below), they say the plaintiff was not entitled to judgment in any amount, the decedent's death having taken place more than one year after he suffered the injuries causing death. Next, they assert that, if the death statute in any event should be held applicable, they should have been given credit in any recovery for the weekly payments already made to the decedent in his lifetime.

We shall dispose of these contentions in reverse order. Indeed, if the appellants are to be sustained on the first claim of error, it would become unnecessary to consider the second.

1941 Comp. § 57-917, provides:

"In event any injury from accident arising out of and in the course of the employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, and such claim shall be filed and answer made thereto and other procedure had as in cases filed by the injured workman. Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one (1) year after the date of such death."

1941 Comp. § 57-918(a) (2), so far as material to a consideration of this claim of error, provides:

"In case death proximately results from the injury within the period of one (1) year, compensation shall be in the amounts and to the persons as follows:

"(1) If there be no dependents, the compensation shall be limited to the funeral expenses not to exceed one hundred and fifty dollars ($150.00) and the expenses provided for medical and hospital services for deceased, together with such other sums as deceased may have paid for disability.

"(2) If there are dependents at the time of the death, the payment shall consist of not to exceed one hundred and fifty dollars ($150.00) for funeral expenses and the percentage hereinafter specified of the average weekly earnings, subject to the limitations of this act (§§ 57-901–57-931), to continue for the period of three hundred (300) weeks from the date of injury of such workman; Provided that the total death compensation payable in any of the cases hereinafter mentioned, unless otherwise specified, shall not be less than ten ($10.00) dollars per week nor more than eighteen ($18.00) dollars per week."

 While claim was filed by the widow within one year following death, as required by § 57-917, death did not occur within one year after the injury, a limitation interposed as a condition to recovery of compensation for a death claim, as provided by § 57-918(a). Hence, argue the defendants, the trial court was without jurisdiction to award compensation in any sum. If this be so, it is because the trial court was wholly without jurisdiction to entertain and pass upon an unseasonably filed claim, notwithstanding the fact that no objection was taken on account thereof, but, on the contrary, where applicability of the death statute was invoked by the party now asking the bar of the statute.

The situation confronting the defendants when presented with plaintiff's claim was somewhat unusual. Under the provisions of § 57-918(a), quoted in part hereinabove, the decedent would have been entitled to compensation at the rate of eighteen dollars per week for a total of five hundred fifty weeks, had he lived. 1941 Comp. § 57-913, among other things, provides:

"In case death of any workman who would himself have been entitled had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 8 (§ 57-917) hereof."

If the court should construe the last-quoted provision as entitling the plaintiff to compensation for the unelapsed portion of the five hundred fifty weeks, she would be awarded compensation for three hundred forty-three weeks, compensation to which the deceased workman would have been entitled had he lived. On the other hand, if the court awarded compensation under the death statute pursuant to § 57-918, although obviously inapplicable since decedent's death occurred more than a year after his injury, the defendants would be called upon to pay compensation for only three hun-

dred weeks from the date of the injury with at least some basis for the hope they might secure a holding that compensation already paid the workman during his lifetime should be deducted.

Thus confronted, the defendants chose what must have seemed to them at the time the less dangerous of the two alternatives by invoking the applicability of the death statute, as set out in §§ 57-917 and 57-918. While the defendants here seek to avoid plaintiff's charge that they themselves induced the court to apply the death statute, we think the record does not bear them out in this contention. They say:

"There is nothing in the record to show that appellants took any other position than that they admitted that if appellee was entitled to compensation at all it was by a claim under Section 57-918."

In their answer to plaintiff's claim, in which she alleged she was entitled either (1) to the unexpired portion of the five hundred fifty weeks to which decedent would have been entitled had he lived, as provided in § 57-912; or (2) to three hundred weeks compensation under the death statute, as provided in § 57-918, the defendants pleaded:

"Further answering said petition and the paragraphs thereof, set forth on page 3, the employer and insurer state that they have no knowledge of the belief entertained by the petitioner, but deny that the employer or insurer have any other liability to the petitioner than they have provided by the Statute defining Workmen's Compensation, Subdivision 2A of Section 57-918 New Mexico Statutes Annotated 1941, which provides that in the event of the death of a workman leaving dependents, they shall receive for a period of 300 weeks. from the date of the injury of said workman, the sum of $18.00 per week, which amount the defendants have been paying,. and will continue to pay as and when the installments fall due under the terms of the Act, and hereby tender and offer to continue the payments in the future as they have been made in the past, for a total period of 300 weeks from the date of the injury of the deceased workman."

Furthermore, the defendants requested. the trial court to conclude as follows:

"The Court concludes as a matter of law that the amount and the periods of time for which payment shall be made in this cause,. are governed by Sections 57-917 and 57-918, subdivision 2 of the New Mexico Statutes. Annotated, 1941, and that it is provided by said Section 57-917 so far as material to the issues of law here under consideration, that in event of the death of an employee the 'claim shall be filed and answer made thereto and other procedure had as in cases. filed by the injured workman,' and further,. that it is provided by subdivision 2 of Section 57-918 that in the event of the death of a workman 'if there are dependents at the time of death, the payment shall consist of not to exceed $150.00 for funeral expenses and the percentages hereinafter specified of the weekly average earnings.

subject to the limitations of this Act, to continue for a period of 300 weeks From The Date Of The Injury of Said Workman', and the Court further concludes that under these provisions of the statute which are controlling, the dependent widow and dependent children are entitled to and should be awarded judgment for compensation for a period of 300 weeks beginning on the 10th day of July, 1939, the date of injury (due allowance being made for the amount of payment already made, to-wit: from the 10th day of July, 1939 to the 8th day of July, 1943) until the payment for the full period of 300 weeks has been made, less the number of weeks heretofore paid."

While it is true the trial court denied this conclusion of law because it incorporated a contention which the trial court ruled against the defendants, viz., the claim that payments already made to the workman should be deducted, nevertheless, the court, in the findings and conclusions actually made and adopted, accepted defendants' invitation to apply the death statute as provided in §§ 57-917 and 57-918, either overlooking or ignoring the fact that, death having occurred more than one year after the injury, recovery thereunder was unwarranted. The decree entered contains the following language:

" * * * there are no issues of fact and it is agreed that plaintiff is entitled to receive for herself and the minor children, dependents of Cayetano L. Gonzales, deceased, the sum of eighteen dollars ($18.-00) per week under the Workmen's Compensation Act of New Mexico, but there is one question of law to be decided by the court in this matter: for how many weeks shall judgment be given to plaintiff?"

While thus concluding, the court declined to sustain the defendants' contention that payments theretofore made to the workman during his lifetime should be deducted. In such circumstances we do not think the defendants should be permitted to avail themselves in this court of an error into which they led the trial court, to their own seeming advantage at the moment. It is a doctrine too well established in this jurisdiction to merit successful challenge that a party may not avail himself of error into which he has led the court. This is called invited error. Heisch v. J. L. Bell & Co., 11 N.M. 523, 70 P. 572; Gillett v. Chavez, 12 N.M. 353, 78 P. 68; Park v. Milligan, 27 N.M. 96, 196 P. 178; and In re Maddison, Appeal of Marron, 32 N.M. 252, 255 P. 630.

■ If the court had given the language of § 57-912, quoted supra, the construction claimed by plaintiff, the defendants would be under a potential liability for compensation for three hundred forty-three weeks at the statutory rate, or a total of $6,174. The maximum potential liability to be suffered from an application of the death statute was compensation for three hundred weeks, or a total of $5,400, with a possibility that the court might hold with them and reduce such liability by a deduction of all payments made to the decedent during his lifetime. The plaintiff took no cross

appeal although denied compensation for a period of forty-three weeks, to which she would have been entitled had the court accepted her construction of the language of § 57-912. Whether that construction be correct, we intimate no opinion. At least, by cross appealing the plaintiff would have had an opportunity to urge same upon us. That opportunity is now denied her through accepting the provisions of an award under a statute which the defendants claimed below was applicable. In such circumstances only an inescapable conclusion that the award made is wholly void, because of a want of jurisdiction in the district court to make the same, should cause us to set it aside. Fortunately, the matter has been directly passed upon by this court.

In State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, 38 N.M. 451, 34 P.2d 1098, prohibition was sought in this court to restrain the District Court of Colfax County from entertaining jurisdiction to try a compensation case where suit was brought by the dependents of a deceased workman more than one year after his injury. The injury occurred prior to the amendment of the Workmen's Compensation Act in 1937, fixing the limitation for filing death claims at one year from the date of death. It was urged upon us in that case that the limitation period interposed an absolute bar to recovery, thus denying the district court jurisdiction to entertain the claim. Among other things, we said:

"Jurisdiction of the person is not here involved. Unquestionably the statute commits workmen's compensation litigation to the jurisdiction of the district courts. If the administration of the statute be the 'subject matter' here involved, it is within the jurisdiction challenged, and the alternative writ should be discharged.

"But petitioner considers that it is not this general jurisdiction that we should inquire into, but jurisdiction of this particular case or claim. It is argued that 'subject matter', as the term is used in the Gilmore case, means not jurisdiction of workmen's compensation litigation, but, to be specific, jurisdiction of claims filed within the statutory time. That is to say, the statute confers jurisdiction upon the district courts to award compensation to those entitled to it, not to those not entitled; to render some judgments, not others.

"We consider the law settled to the contrary in this state. Here the test of jurisdiction is not the right or authority to render a particular judgment; it is the right or authority to render any judgment. * * *"

See also Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N.M. 686, 187 P. 560; State ex rel. Heron v. District Court, 46 N.M. 296, 128 P.2d 454; and Minneapolis & St. L. R. Co. v. Winters, 242 U.S. 353, 37 S.Ct. 170, 171, 61 L.Ed. 358, Ann. Cas.1918B, 54. In the Winters case, the action was one for personal injuries in which it became important to determine

whether the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., controlled. The court said:

"In short, at the trial the defendant in no way saved its rights to deny that the parties were engaged in interstate commerce at the time of the accident, or to object to the application of the Federal statute. On the contrary, without qualification it invoked and relied upon that statute and the rights that, because of that statute, it supposed itself to possess. * * * Therefore even if the courts and parties were wrong about the proper basis for the suit, that fact does not entitle the defendant to have the judgment reversed. It cannot complain of a course to which it assented below."

We are not unmindful of several decisions of this court holding that jurisdictional questions may be raised for the first time in the Supreme Court. Mirabal v. Albuquerque Wool Scouring Mills, 23 N.M. 534, 170 P. 50. There also come to mind other decisions holding the objection that the complaint fails to state a cause of action may be raised for the first time in the Supreme Court. Baca v. Perea, 25 N.M. 442, 184 P. 482; Michael v. Bush, 26 N.M. 612, 195 P. 904; Jamison v. McMillen, 26 N.M. 231, 190 P. 726; Humphreys v. Fletcher, 27 N.M. 639, 204 P. 70. However, none of these authorities involved a case where the district court had jurisdiction generally of suits, actions or proceedings of the kind initiated and was led by the defendant himself into the error of holding that it had jurisdiction of the particular case. That this might make a difference is definitely intimated in the following quotation from our opinion in Baca v. Perea, supra [25 N.M. 442, 184 P. 484], to-wit:

"In addition, the demurrer tendered by plaintiff in error to two paragraphs of the answer setting up the affirmative defenses, which was attached to the motion for leave to file the same, pointed out the insufficiency of the answer, and was sufficient to call the court's attention thereto, so that the trial court was not led into error by silence on the part of the plaintiff."

Here there was more than silence. The defendants expressly pointed to the death statute and asked that relief be awarded under it. Under such circumstances, we think it is now too late for the defendants to avail themselves of this defect in the claim filed.

The defendants next contend that even though they be without right at this time to challenge an award under the death statute, nevertheless, the court erred in failing to charge against the award compensation already paid to the deceased during his lifetime. At first blush, this contention presents the most serious attack upon the correctness of the judgment rendered. After maturely considering it, however, we are of opinion that the trial court properly denied the claim to a deduction. The consideration moving the court to deny the deduction of compensation payments already made to the deceased prior to his death, except where the statute so requires, is the fact that the beneficiaries of a death

claim are new parties asserting a cause of action separate and distinct from that obtaining in favor of the workman for loss of time from injuries during his lifetime. The general rule on the subject is stated in 71 C.J. 867, § 592, under title "Workmen's Compensation Act", as follows:

"Where the compensation paid to the employee under the act is distinct from that awarded after death to a dependent, the employer, in an award to the dependents of the employee, is not to be credited with the amount paid the employee by way of compensation in his lifetime, unless a provision requires it. * * *"

The same rule is applied to an analogous situation as reflected by the following quotation from 71 C.J. 868, § 592, under "Workmen's Compensation Act", to-wit:

"Where the statute provides that, in the event of the death of the employee, payment shall be made to his widow for a specified number of weeks from the date of the injury, the time during which the employee resumed work after the injury should not be deducted."

The case of International Mercantile Marine Co. v. Lowe, 93 F.2d 663, 664, 115 A.L.R. 896, decided by the U. S. Circuit Court of Appeals for the Second Circuit, presents a close analogy on the facts. The workman, a longshoreman, was injured on April 5, 1927, and was paid disability compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, § 8(a), 33 U.S.C.A. § 908(a), for more than seven years, totaling $6,375. The workman died as a result of the injuries May 17, 1934. His widow filed a claim with the commissioner and was awarded weekly compensation of $10.50 from the date of his death "until a total of $7,500 in death benefits shall have been paid." The employer contended that disability payments and death benefit payments should be combined until an aggregate of $7,500 was paid, when liability would cease. The court rejected the contention and, among other things, said:

"It is appellant's contention that the two rights, one for compensation for injury and one for death ensuing, must be combined, and that the maximum allowance for both shall not exceed $7,500. But the disability benefits fixed by section 8 of the act [33 U.S.C.A. § 908], and the right of the widow to death benefits under section 9 [33 U. S.C.A. § 909] are different. They have different claimants thereto; one arising in the event of injury not resulting in death and the other arising only in the event of death. They were separately provided for by separate sections of the act and accrue on different bases. The amount to which the widow or next of kin is entitled is for their exclusive benefit and is entirely separate and distinct from the compensation for disability allowed the employee. The amount is in no way affected by the fact that the employee received compensation for disability up to the time of his death. As used in section 14(m) [33 U.S.C.A. § 914(m)], the word 'or' is a disjunctive particle signifying an alternative. The

phrase 'for injury or death,' as used, means that the $7,500 thereunder limits separately the amount of compensation which may be paid for disability and the amount which may be paid for death. To read it otherwise would be to say that, where the employee prior to death suffered prolonged disability, the rights of his widow and minor children and dependent relatives to death benefits as set forth in section 9 would be impaired or entirely defeated. The one right cannot defeat the other. The separation of the awards in the statute indicates that Congress intended this purpose. Section 9 is entitled 'Compensation for death,' and says: 'If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following.' "

See also Norton v. Travelers Ins. Co., 3 Cir., 105 F.2d 122 and Hitt v. Cardillo, 76 U.S.App.D.C. 334, 131 F.2d 233, being other decisions by circuit courts of appeal holding to the same effect. Other decisions, supporting by way of analogy the conclusion we reach, are Cripps' Case, 216 Mass. 586, 104 N.E. 565, Ann.Cas.1915B, 828; Nichols' Case, 217 Mass. 3, 104 N.E. 566, Ann.Cas.1915C, 862; Seifman v. Ford Motor Co., 282 Mich. 342, 276 N.W. 472; Jackson v. Berlin Const. Co., 93 Conn. 155, 105 A. 326; Nickerson's Case, 125 Me. 285, 133 A. 161; Sea Gull Specialty Co. v. Snyder, 151 Md. 78, 134 A. 133; Nupp v. Estep Bros. Coal Mining Co., 272 Pa. 159, 116 A.

391; Ogden City v. Industrial Commission of Utah, 57 Utah 221, 193 P. 857.

■ The only remaining contention of the defendants requiring notice in this connection arises from their reference to 1941 Comp. §§ 57-918 and 57-919 with quotations from each, as follows:

" * * * the employer shall in all proper cases, as herein provided, pay to the injured workman or to some person authorized by the court to receive the same, for the use and benefit of the beneficiaries entitled thereto, compensation at regular intervals of no more than sixteen (16) days apart * * *." (1941 Comp. § 57-918).

"Compensation for all classes of injuries shall run consecutively and not concurrently as follows:

"Surgical, medical and hospital services and medicines, as provided in this paragraph (section). After the first seven (7) days, compensation during temporary disability. Following both, either or none of the above, if death results from the accident, funeral expenses as hereinabove provided *following which compensation* to dependents, *if any.*" (Emphasis defendants.) (1941 Comp. § 57-919).

The defendants evidently quote these statutes to emphasize that the compensation to be awarded is payable in installments at regular intervals sixteen days apart, thus negativing any legislative intent for payment of an accumulation of installments in lump sum. Admittedly, this presents an in-

congruity. Compensation payments already accrued at time of death, dating them from occurrence of the injury, obviously cannot be paid in regular semi-monthly installments beginning with death, without prolonging the period of payment beyond three hundred weeks "from the date of the injury", as limited by the statute.

What, then, is to be done in such circumstances? Is this legislative omission expressly to authorize the payment of accrued installments in lump sum to be converted into a directive that payments made to the deceased during his lifetime shall be deducted? Or, anticipating every contingency, is the omission to be given the effect of a declaration that the three hundred week period specified for death benefits shall be reduced by the number of weeks elapsing between injury and death?

We think neither alternative is the correct one. The specific award of three hundred weeks' compensation to dependents of the workman, without an express direction to deduct payments received by him in his lifetime, or to deduct from the allotted three hundred the number of weeks elapsing between injury and death, by necessary implication authorizes a lump sum award of compensation payments accruing between date of injury and date of death. We so hold. Under ordinary circumstances the number of weeks thus accrued could not exceed fifty-two, since if death occurs more than one year after injury, liability for death benefits does not exist. Liability therefor arises here not from the statute but from a judgment of which the defendants in this respect cannot successfully complain.

█ The plaintiff has moved for an allowance of attorney's fees for services in this court, suggesting $500 as reasonable. In view of the fact that defendants expressed a willingness to pay compensation for the unelapsed portion of three hundred weeks from date of the injury, so much of the recovery was not in dispute. The plaintiff will be allowed $350 for attorney's fees in this court.

It follows from what has been said that the judgment of the district court should be affirmed, and it is so ordered.

MABRY, BICKLEY, BRICE, and THREET, JJ., concur.

## On Rehearing.

SADLER, Chief Justice.

█ After consideration of this appeal upon rehearing, aided by additional briefs and oral argument, we have decided to change the disposition thereof. The defendants assailed vigorously the correctness of our conclusions upon the questions of jurisdiction and estoppel arising on invited error. We find no occasion to devote further time to a consideration of these questions except to announce that notwithstanding anything said or held on those subjects in our former opinion, we think the ends of justice require a different disposition than that heretofore announced.

In the first place, the defendants would not be in the position they now find them-

selves, to-wit, judgment debtors on a cause of action which never existed, nor the plaintiff in the position where an unconditional reversal would place her, to-wit, an irretrievable loss of the right to litigate seasonably a cause of action asserted but abandoned below after defendants' acceptance of liability upon the complaint filed as a death claim, but for the fact that counsel for both parties and the trial court as well moved and acted under the misapprehension —the erroneous assumption—that the facts disclosed an actionable death claim.

It does not appear how the misapprehension arose, unless by reason of all concerned overlooking the fact that, while the cause of action for death is conferred by 1941 Comp., § 57-917, the limitation of such claims to cases where death occurs within one year from date of injury, appears in the second sub-paragraph of the lengthy succeeding section 57-918 in connection with the award for compensation and burial expense under death claims. But it is unimportant to determine exactly how the oversight occurred when we attribute it to inadvertence. The significant fact is that this misapprehension, shared by all counsel and the court, renders an affirmance unjust to defendants and a reversal equally so to the plaintiff, if she be not restored to the position occupied upon abandoning her first cause of action when she accepted defendants' admission of liability under the second.

It is to be remembered that the plaintiff's claim was dual in character. She claimed first under the provisions of 1941 Comp., § 57-913, compensation for the unexpired portion of the 550 weeks to which her deceased husband would have been entitled, had he lived. If not so entitled, or in the alternative, she asked for compensation for the period of 300 weeks under 1941 Comp., §§ 57-917 and 57-918, as a death claim. The defendants accepted liability for compensation as a death claim for which there was in fact no liability, whereupon the plaintiff abandoned further claim under § 57-913.

The situation is such that if we should reverse the judgment and remand the cause for a new trial, the defendants by invoking the doctrine of law of the case could deny to the plaintiff a hearing on her claimed right to compensation under 1941 Comp., § 57-913, as a ground of recovery not insisted upon at the first trial. Sanchez v. Torres, 38 N.M. 556, 37 P.2d 805. The defendants have expressed entire willingness to have the plaintiff awarded whatever compensation, if any, she may be entitled to under provisions of the Workmen's Compensation Act. Accordingly, we have concluded to reverse the judgment and award a new trial upon condition that the defendants waive any objection otherwise available to them to a trial upon the merits of plaintiff's right, if any, to an award under the provisions of 1941 Comp., § 57-913, as compensation to which the decedent would have been entitled had he lived.

Decisions supporting our right to attach such a condition to reversal in the interest of justice are not wanting: 5 C.J.S., Appeal and Error, p. 1425, § 1923; Williams,

v. Kemp, 33 N.M. 593, 273 P. 12; Steinau v. Gorham, 56 App.Div. 618, 67 N.Y.S. 628; Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618; Town of Ohio v. American Surety Co., 257 App.Div. 912, 12 N.Y.S.2d 205; Beni v. Frasca, 259 App.Div. 844, 19 N.Y.S. 2d 223; Hyman v. City of New York, 263 App.Div. 896, 32 N.Y.S.2d 601; Forsha v. Nebraska Moline Plow Co., 94 Neb. 512, 143 N.W. 453; Caniano v. Dependable Amusement Co., 123 N.J.L. 419, 8 A.2d 830; Culver v. Lehigh Valley Transit Co., 322 Pa. 503, 186 A. 70; Gates v. Morris, 123 W.Va. 6, 13 S.E.2d 473, 134 A.L.R. 791; Podell v. Gronik, 229 Wis. 238, 282 N.W. 53; Lew v. Lee (Can.) S.C.R. 612, 1 D.L.R. 179, 62 A.L.R. 1043. Cf. Supreme Court Rule 17, 1941 Comp., § 19-201(17).

In 5 C.J.S., Appeal and Error, § 1923, p. 1425, the author states:

"An appellate court may attach to a reversal of a judgment or decree such conditions or limitations as are warranted or required by the circumstances of the particular case; but when appellant or plaintiff in error is entitled to a reversal as a matter of right, the appellate court has no power to impose conditions."

In Steinau v. Gorham, supra [56 App.Div. 618, 67 N.Y.S. 629], the court said:

"We are satisfied from the record in this case that there was a misapprehension as to the rights of the parties before the court at the time of the trial, and that probable injustice has resulted from such misapprehension. We are of the opinion that this situation can only be completely remedied by a retrial of all the issues involved in the case. The defendants have taken no exception entitling them as a matter of right to a retrial as to their counterclaim, which we might possibly grant as a matter of favor upon their appeal from the order denying the motion for new trial. Our conclusion, therefore, is that, if the defendants will stipulate to agree to a reversal of the whole judgment, the same will be reversed, without costs to either party; if not, the order denying the motion for a new trial will be affirmed, with costs."

In Hall v. McConey, supra, the decision of the court on this question is epitomized in a paragraph of the syllabi, as follows:

"The appellate court, on reversing a decision refusing to set aside a default judgment against defendant, may require him to answer to the merits, and waive a technical defense, that the court did not obtain jurisdiction over his person."

If we felt that counsel on either side were guilty of bad faith, as to the plaintiff in the matter of claiming under § 57-917 compensation for a death claim, or as to the defendants in the matter of accepting liability therefor, we should decline to extend aid in extricating either from the jeopardy in which the state of the record may leave the parties. But the high standing and reputation of counsel on each side, both below and before us, repudiate any idea that claim under § 57-917 for death was put forward as a bait by plaintiff to entrap unwary coun-

scl who might later appear for defendants, knowing recovery could not be had thereunder; or, that when counsel did come in for defendants, they admitted liability under § 57-917, with the preconceived idea of urging non-liability thereunder as a jurisdictional question in this court, when too late for the plaintiff to recall her abandonment of claim under § 57-913.

On the contrary, we feel quite assured in our own minds that both assertion and acceptance of liability under § 57-917 as a death claim was in entire good faith on both sides, due to inadvertence of counsel, and that the trial court did not pause to investigate or question a liability which counsel for all parties agreed existed.

Nor is the plaintiff to be absolved from all blame for creating the misapprehension into which counsel for the defendants and the court as well so readily fell. It was counsel for the plaintiff below who first contended, as an alternative basis for recovery, that liability for a death claim existed under § 57-917, overlooking the obvious fact that by the language of the very next section, to warrant recovery, death must have occurred within one year of the injury which caused it. Under the circumstances here present, the plaintiff cannot justly impose upon defendants as for invited error so heavy a consequence as an affirmance would entail, if the parties can be restored to exactly the same position they occupied when the mistake, shared by each and first evidenced by her in the proceedings below, was made.

In view of the conclusion reached, the allowance by our former opinion of attorneys' fees to the plaintiff for their services in this court, should be vacated without prejudice to the plaintiff's right, if any, should she subsequently prevail, to have such services made the subject of an allowance. In this connection, and in fairness to Mr. Carl H. Gilbert, who has appeared and argued the cause for plaintiff in this court, it should be mentioned that he did not appear in the cause below.

It follows from what has been said that the judgment of the trial court should be reversed and the cause remanded for a new trial upon condition that the defendants shall within the period allowed for motion for rehearing file herein a written consent to waive any objection to a trial upon the merits of defendants' liability, if any, under 1941 Comp., § 57-913, for compensation for the unexpired portion of the 550 weeks to which the decedent would have been entitled, had he lived; otherwise the judgment of the trial court will stand affirmed. The defendants will pay the costs of this appeal.

It is so ordered.

MABRY, BICKLEY, BRICE, and THREET, JJ., concur.