FRANCES CANIANO AND WILLIAM CANIANO, PLAINTIFFS-RESPONDENTS, v. DEPENDABLE AMUSEMENT COMPANY, INC., (IMPLEADED AS BERGEN-LODI AMUSEMENT CORPORATION), DEFENDANT-APPELLANT.

Argued October 4, 1939—Decided November 3, 1939.

420

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-respondent Frances Caniano, *Julius E. Kramer* and *Chandless & Weller*.

For the defendant-appellant, *Feder & Rinzler* (*Jack Rinzler*).

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment of the District Court of the Third Judicial District of the county of Bergen. The state of demand contained two counts, the first by the female plaintiff for personal injuries caused by a fall on a stairway of the defendant's theatre, alleged to be due to negligent maintenance, and the second by the husband for deprivation of "society, services and consortium" of and with his wife and for "large and divers expenses" in the effort to effect a cure of her injuries. The case was heard by the judge sitting without a jury. The award was "for plaintiff $150."

The motions for nonsuit and for judgment in favor of the defendant as a matter of law were properly denied. There was proof from two witnesses that the stairway leading from the balcony provided for use of patrons of the theatre and which Mrs. Caniano was descending to make her exit from

the building was, below the first few steps, in a darkened condition and that the artificial lights were not thrown on until after her mishap. The questions of the defendant's negligence, of Mrs. Caniano's contributory negligence and of the assumption by her of the risk required consideration by the trier of the facts. The refusal of the trial judge to admit into evidence an unsigned paper-writing prepared by an investigator on behalf of the defendant and said to contain a statement made orally by Mrs. Caniano was quite within the court's discretion and did not constitute error.

Of the remaining points presented on the appellant's brief none, we think, requires mention except that which alleges error in the entry of judgment in that there were two plaintiffs and the judgment went to an unnamed "plaintiff." On its face that point is well made; but while the suit was in the name of both husband and wife, the husband's suit, according to the wife's contention before us, was to all intents and purposes abandoned before the case closed. The transcript bears that interpretation. The husband did not testify. There are no bills for doctors' services. The only testimony that Mrs. Caniano lived with her husband and took care of her housework and cohabited with him, that she had children whom, as part of her household duties, she attended, and that because of her illness she was unable to attend to some of these duties and needed the assistance of another was adduced by defendant's attorney on cross-examination, as also was the fact that the outside assistance was from Mrs. Caniano's relatives. There was no proof of the incurring of expense from any source. The indications are that the judgment as entered was intended to be and was in effect a judgment for Mrs. Caniano for the sum of $150. *Melber* v. *The Great Atlantic and Pacific Tea Co.*, 11 *N. J. Mis. R.* 635.

Let the record be remitted to the trial court to the end that if the husband there consents the judgment be moulded to show an award against the defendant and in favor of the plaintiff Frances Caniano in the sum of $150 which will carry costs, and a judgment in favor of the defendant and against the plaintiff William Caniano which will carry costs; this appeal to be without costs; the judg-

422

ment as so moulded to be affirmed. *Boniewsky* v. *Polish Home of Lodi*, 103 *N. J. L.* 323. We are influenced to this conclusion with respect to costs by the fact that the defendant was entitled to a judgment which should finally settle the claims of both plaintiffs and bind all parties so that no suit could thereafter be made upon this same cause of action. *O'Carroll* v. *Stark*, 85 *N. J. L.* 438. The transcript shows an entry of appearance at the trial for "plaintiffs." The witnesses for that side of the case were produced on behalf of the "plaintiffs." That procedure makes sense only upon the assumption that the husband entered the trial as a party. The failure to note upon the record the abandonment of his claim was not chargeable to defendant, and we think that defendant is entitled, without imposition of costs, to have the record show that without which the appeal would be meritorious.

The husband appears not to be represented before us on the appeal. The brief is signed for "plaintiff-appellee," and the reference, we must assume, is to Frances Caniano. If the husband does not manifest below his consent to the procedure hereinbefore outlined, the judgment of the District Court will be reversed and a *venire de novo* issue as to both plaintiffs; costs to abide the event.