MURRAY LANDY, PLAINTIFF-APPELLANT, v. I. LAWRENCE LESAVOY, DEFENDANT-RESPONDENT.

Argued November 14, 1955—Decided December 19, 1955.

172

*Mr. Max L. Rosenstein* argued the cause for the appellant (*Mr. George H. Rosenstein,* of counsel; *Mr. Thomas A. O'Callaghan,* on the brief).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Appellate Division dismissing an appeal by the plaintiff-appellant from an order of the Middlesex County Court quashing a writ of attachment. The Appellate Division stated it considered the question moot.

This court granted certification pursuant to *R. R.* 1:10–2(*d*). The respondent has filed no brief.

The action was instituted by attachment under *N. J. S.* 2*A*:26–1 *et seq.* Plaintiff-appellant alleged the defendant-respondent was indebted to him in the sum of $199,490 arising out of certain contracts. On March 15, 1954 he secured a writ of attachment and a levy was made thereunder on life insurance policies of the defendant pledged with the National Bank of New Brunswick having a cash surrender value of about $50,000. These were the only assets of the defendant in New Jersey. Attempts were made to serve notice of the attachment upon the defendant personally

in New York but when these appeared unavailing an order of publication was obtained on April 12, 1954. *R. R.* 4:77–2.

On May 27, 1954 the defendant moved to quash the writ of attachment on the ground that proceeds of the life insurance policies were not subject to attachment. Subsequently, on July 28, 1954, the notice of motion was amended to add an additional ground that the attachment was invalid inasmuch as the sheriff had omitted to state an appraisal and valuation of the property attached. Following the receipt of this amended notice, and before any argument on the motion, the sheriff filed an amended return setting forth the appraisal and valuation of the property, together with an affidavit stating that one of the clerks in his office by inadvertence and clerical error omitted to insert the amount representing the appraised value of the inventory in the space provided therefor in the writ, and this mistake was made by a substitute clerk during vacation period. The affidavit further stated that so far as could be ascertained the value of the property attached was $50,000. There seems to be no question that this was a mere ministerial mistake on the part of the sheriff's office. This amended motion to quash the writ was made returnable and argued on August 10, 1954.

On September 24, 1954 the county judge by letter advised counsel that the motion to quash the writ was granted on the ground that the appraisement was not made in accordance with the rules and statute. An order quashing the writ was entered on September 27, 1954, and admittedly without notice to the plaintiff as required under *R. R.* 4:55–1.

The court's letter of September 24, 1954 was not received by appellant's attorney until September 27, 1954. On that day he was arguing a case before this court in Trenton and the following two days, September 28 and 29, 1954, were religious holidays which he observed. He states that this letter first came to his attention on the morning of September 30, 1954, and on the same day he moved for an order vacating the order quashing the writ and staying the proceedings pending an appeal to the Appellate Division. An *ad interim* stay was signed on October 6, 1954, and an order

granting the stay pending appeal was signed November 13, 1954, but somehow in the interim between September 27 and October 6, 1954, defendant through his attorney secured the release of the insurance policies by the bank and they were removed from the State. Despite the fact the property was *in custodia legis* and constructively in the possession of the sheriff as attaching officer, *Austin v. Wade*, 3 *N. J. L.* 997 (*Sup. Ct.* 1813); *Melville v. Brown*, 16 *N. J. L.* 363 (*Sup. Ct.* 1838), the bank apparently released the property without consulting the sheriff, and the property was removed from this State.

With affairs in this posture on the appeal from the order quashing the writ the Appellate Division stated: "It appears that on the quashing of the writ, the defendant removed from the State, the property attached. The appeal therefore raises an entirely moot question." With this conclusion we are not in accord, nor are we likewise in accord with the reasons given by the County Court for quashing the writ of attachment.

Taking these latter reasons first, it should be pointed out that *N. J. S.* 2*A*:26–1 provides, "This chapter shall be liberally construed, as a remedial law for the protection of resident and non-resident creditors and claimants." It has been specifically held that the language of the act as to the appraisement to be annexed to the return is only directory, and if it is added within a reasonable time afterwards, and before an appearance by the defendant has been entered, or bond given by the garnishee or any right is prejudiced by the sheriff's delinquency, it furnishes no adequate ground for quashing the whole proceedings and perhaps defeating the ends of justice. *Franklyn v. Taylor Hydraulic, etc.*, 68 *N. J. L.* 113 (*Sup. Ct.* 1902). It has likewise been held that the return of the sheriff, if in error in any regard, may be amended. *Thompson v. Eastburn*, 16 *N. J. L.* 100 (*Sup. Ct.* 1837); *Cord v. Newlin*, 71 *N. J. L.* 438 (*Sup. Ct.* 1904).

█ Thus it is apparent that the reasons given by the trial court for quashing the writ were ill-founded in law and not

in accordance with the practice in this State. This error was further compounded by the entry of the order quashing the writ without notice to the plaintiff-appellant.

The writ was issued in this case as original process and the order allowing the writ was supported by affidavits which factually set forth good and sufficient reasons for the issuance thereof. *R. R.* 4:77–1. The issuance of the writ and the levy thereunder impressed a lien in favor of the plaintiff-appellant on the property of the debtor in the attached policies. The complaint subsequently filed in accordance with the practice states on its face a cause of action against the defendant. *R. R.* 4:77–2.

■■ Where a writ of attachment is used as original process and performs both the office of a summons and an attachment, the effect of an order quashing a writ of attachment is to put an end to the cause. *Paul v. Bird*, 25 *N. J. L.* 559 (*Sup. Ct.* 1856). On the quashing of the writ the lien became ineffectual unless a stay was granted to permit the plaintiff to appeal. Thus an order quashing the writ obviously is such a final judgment from which an appeal can be taken as a matter of right. *R. R.* 2:2–1, *Art.* VI, *Sec.* V, *par.* 2, *Constitution of* 1947.

■■ The opportunity to apply for a stay to preserve the subject matter or *res* of the suit is implicit in every appeal which can be taken as a matter of right. While the provision as to notice in *R. R.* 4:55–1 on the settlement of an order or judgment is directory rather than mandatory, counsel for the defendant chose to ignore it and imposed on the trial judge by presenting the order quashing the writ. Immediately after the signing of the order, it was served on the garnishee bank which released the policies which were then removed from this State. These actions were a calculated attempt to deprive the courts of this State of jurisdiction of the *res*, thus defeating the right of the appellant of an opportunity to apply for a stay to preserve the subject matter of the appeal until he could perfect and prosecute his appeal.

The rules of practice and procedure aim to facilitate orderly judicial procedure and are intended to provide for "the just determination of each cause." Such purpose cannot be permitted to be thwarted or defeated by the sleight-of-hand of counsel or the fleetness of foot of an elusive defendant.

The removal of the insurance policies from this State is merely the end result of such delusive tactics and does not render the issue of legal error committed by the trial court moot as between the parties to this suit. On this appeal, we are not concerned with rights of third parties which may arise or have arisen subsequent to the order quashing the writ, but only the rights of the parties to this suit *inter sese* as established by the levy of the writ of attachment which we hold to have been validly issued and executed but erroneously quashed by the trial court.

The quashing of the writ is reversed and vacated and the lien of attachment reinstated as against the defendant and the parties and the cause are restored to the same positions imposed by law prior to the entry of the order quashing the writ. The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition, and the parties are allowed to proceed in the court below to obtain a final determination of their right in the same manner and to the same extent as if their cause had never been heard or decided by any court. 2 *Freeman on Judgments* (*5th ed.*), *sec.* 1167, *p.* 2416; 3 *Am. Jur., sec.* 1191, *p.* 697.

The cause is remanded for further proceedings consistent herewith.

*For reversal and remandment*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.