64 N.J. Super. 1 (1960)
165 A.2d 216
BAND'S REFUSE REMOVAL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF FAIR LAWN, BERGEN COUNTY, NEW JERSEY, A MUNICIPALITY OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS, AND FRANK CAPASSO AND GERALD F. CAPASSO, TRADING, ETC., INTERVENORS-DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Decided November 7, 1960.
*3 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Walter H. Jones, special counsel for defendants-respondents, argued the petition for rehearing (Mr. Morris Dobrin, attorney for Borough of Fair Lawn).
Mr. Samuel A. Larner argued the motion to vacate the ex parte order and in opposition to the petition for rehearing (Messrs. Budd, Larner & Kent, attorneys for intervenors-defendants-appellants).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The appeal of defendants Capasso in the above matter resulted in a determination by this court reversing the Law Division judgment and remanding the matter for a full trial to determine the validity of the scavenger contract between the borough and the Capassos. Band's Refuse Removal, Inc. v. Fair Lawn, 62 N.J. Super. 522.
On December 29, 1958, after the Capassos had filed their notice of appeal, this court entered an order staying the Law Division judgment pending the determination of the appeal on the following conditions: that the Capassos continue to perform their contract, the borough to pay them $11,000 a month while the appeal was pending; that they post a supersedeas bond in the sum of $150,000 and, finally, that they be restrained from transferring, hypothecating, encumbering or otherwise disposing of any of their assets, either individually or as a partnership, except in the ordinary course of business or as might be required in connection with the posting of the bond.
After the coming down of our decision on July 27, 1960 the borough applied to this court for an order extending from August 8 to September 19, 1960 the time within which it *4 could file a petition for rehearing, directing the clerk to withhold issuance of our mandate, and to have us retain jurisdiction of the cause and suspend the effect of our reversal pending the filing of the petition and our determination thereof. An ex parte order to that effect was entered August 8, 1960.
In its petition for a rehearing, the borough pointed out that our opinion had made no provision pending the new trial as to the rights of the several parties in the following particulars:
(1) Whether the Capassos were required to continue to perform the garbage removal contract for the sum of $11,000 a month fixed in our order for a stay pending the appeal;
(2) Whether the $150,000 supersedeas bond filed by the Capassos pursuant to that order should be continued or increased, there having been no reversal of the Law Division judgment on the merits and in view of the fact that the Capassos were monthly being paid monies which the borough ultimately might be entitled to recover; and
(3) Whether, during the period of the retrial and final determination, there was to be continued the restraint upon the Capassos from transferring, hypothecating, encumbering or otherwise disposing of their assets.
The Capassos, in turn, gave notice of a motion to vacate the ex parte order of August 8, 1960 and to vacate the provisions of our order for a stay pending appeal which required the posting of the supersedeas bond and provided for performance by the Capassos of their contract at $11,000 a month. The cross-motions were set down for oral argument on September 12.
The Capassos in the meantime petitioned the Supreme Court for certification to review our judgment, and the borough cross-petitioned. We nonetheless heard oral argument on the date scheduled, and subsequently notified counsel that decision on the motions would be reserved until the Supreme Court had passed on the cross-petitions for certification. Certification was denied both sides on October 17. 33 N.J. 387.
*5 What the borough actually seeks by its petition for rehearing is a clarification or, more precisely, an amplification of our opinion. The borough is entirely correct when it calls attention to the fact that we made no mention of what was to be paid the Capassos pending the retrial, whether the bond was to be continued or increased, or whether there would be a restraint upon their dealing with their assets.
The Capassos claim that our reversal of the Law Division judgment should automatically restore the parties to the positions they occupied before suit was instituted. They say they are entitled to the full sum of $18,260 payable by the borough monthly under the scavenger contract, as well as all sums above $11,000 a month that have for some time been withheld by the borough pursuant to court order. Further, they maintain that there is no reason or need for a supersedeas bond pending the retrial.
Ordinarily, an unconditional reversal of a judgment by an appellate court will restore the parties to the condition in which they were before suit was instituted. See Landy v. Lesavoy, 20 N.J. 170, 176 (1955); 3 Am. Jur., Appeal and Error, § 1191, p. 697 (1936). But an appellate court is not powerless to control its own judgment. Appropriate conditions may be attached to a reversal where the circumstances and the demands of justice require. See, for example, Great American Ins. Co. v. Yellen, 58 N.J. Super. 240, 247 (App. Div. 1959); Caniano v. Dependable Amusement Co., Inc., 123 N.J.L. 419, 421 (Sup. Ct. 1939); 3 Am. Jur., Appeal and Error, § 1189, p. 696, and cf. § 1243, p. 741.
It is entirely possible that the present litigation may eventually be resolved in favor of the borough. Our intimate knowledge of the record and issues developed at the first trial leads us to the conclusion that equity and good conscience require that we in the exercise of our discretion refuse to restore the parties to the precise positions they occupied before the litigation began.
Accordingly, we supplement our original opinion in the following respects:
*6 1. Capasso Bros. will continue to perform their garbage removal contract for the sum of $11,000 a month, pending the retrial. Neither the payment nor the receipt of said sum shall in any way prejudice the rights of the respective parties, and liability for the balance of the contract price shall await the ultimate determination of the cause.
2. The borough will continue to deposit in a special fund the difference between the amount due monthly under the contract and the $11,000 paid the Capassos.
3. The Capassos shall post a supersedeas bond pursuant to the rules of court in the sum of $150,000.
4. The Capassos are restrained, pending final determination of the cause, from transferring, hypothecating, encumbering or otherwise disposing of any of their assets, either individually or as a partnership, except in the ordinary course of business and except as may be required in connection with the posting of the supersedeas bond.