173 N.J. Super. 152 (1980)
413 A.2d 954
MARY VASILY, PLAINTIFF-APPELLANT,
v.
NATHANIEL COLE, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1979.
Decided April 1, 1980.
*154 Before Judges BISCHOFF, BOTTER and DWYER.
*155 Philip G. Auerbach argued the cause for appellant (Auerbach, Rudnick, Waldman and Ford, attorneys).
John G. Rathman argued the cause for respondent (Kirkpatrick & Rathman, attorneys).
The opinion of the court was delivered by BOTTER, J.A.D.
With leave granted by us pursuant to R. 2:2-4, this interlocutory appeal concerns the right of a medical malpractice panel, appointed pursuant to R. 4:21, to ask for and receive plaintiff's hospital records not submitted by either party.
Plaintiff commenced this medical malpractice action in November 1976 against defendant who had treated her over a period of years. According to documents contained in the record before us, plaintiff was first seen by defendant in August 1957 for a growth on the left side of her nose diagnosed as basal cell carcinoma. Defendant removed the growth surgically and apparently there was no recurrence at the site until late in 1966. A second operation was performed in February or March of 1967. This was followed by further recurrences and additional surgery performed by defendant. One operation may have been performed in February 1968 according to information attributed to defendant. Another operation was performed in August 1970 which included removal of a growth and plastic reconstruction, including skin grafting, involving the eyelid, cheek and nose. Further recurrences were treated by defendant in 1974 and 1975. Eventually, in late 1975 plaintiff left the care of defendant in circumstances that are disputed. Apparently both parties agree that defendant recommended that plaintiff go to the Memorial Sloan Kettering Cancer Center (Memorial Hospital) in New York. Plaintiff was treated at Memorial Hospital in December 1975, followed by extensive surgery there in January 1976. A "massive tumor" was discovered, requiring the removal of plaintiff's left eye and a portion of her nose. Radiation *156 therapy was commenced, but plaintiff's condition deteriorated and she was readmitted to Memorial Hospital in 1978 for "excision of basal cell carcinoma of nose with total amputation of nose," according to the discharge summary of May 13, 1978.
Plaintiff contends that defendant was negligent in failing to give her radiation therapy and more vigorous treatment in the early stages of the disease, specifically, after the recurrence in 1966 or thereabouts. An opinion to this effect is embodied in the report of plaintiff's expert which was submitted to the malpractice panel.
In accordance with R. 4:21-2(c), the pretrial order in this action required the submission of this medical malpractice claim to a panel as provided in R. 4:21, the provisions of which apply to all medical malpractice actions. R. 4:21-2(a). The panel consisted of a judge, a medical doctor and an attorney. R. 4:21-4(a). The pretrial order provided generally that hospital records "may be offered without formal proof." It required the submission of "the information for the panel" by a specified date in 1979. The parties were further ordered to advise the panel whether they intended to rely on testimony in addition to the submitted information, but the record before us suggests the evidence was presented in written form only. It appears that the surgery performed on plaintiff by defendant was done at the Middlesex General Hospital. While portions of the Memorial Hospital records were submitted to the panel, none of the Middlesex General Hospital records were presented by either party.
On May 25, 1979 the judge on the panel wrote the attorneys as follows:
The medical malpractice panel hearing held on this case on Tuesday, May 22, 1979 was a disappointment. The information submitted to the panel on both sides was insufficient to enable a panel to arrive at a decision.
You will shortly receive a request from me for additional information and the panel will be reconvened.
*157 On June 11, 1979 the panel judge again wrote the parties as follows:
The panel would like to receive copies of operative notes, surgical pathology reports and hospital progress notes for the period August 23, 1957 through November 4, 1975.
Any other hospital records available would also be helpful.
This letter was followed by defendant's motion in the Law Division to restrict the material to be considered by the panel to the information submitted to it at the hearing on May 22, and that motion was granted. The order entered on August 1, 1979 restricts "the review and determination" by the medical panel to "the information submitted to it on May 22, 1979." We granted leave to appeal to review that order. The issue posed has not been considered in any previously reported decision in this state.
On the motion below plaintiff argued in favor of giving the panel the additional hospital records of plaintiff's treatment by defendant so that the panel could make a full investigation of the merits of the claim in the spirit of R. 4:21. Defendant argued, as he does on this appeal, that the panel should be limited to those medical issues which are presented by the parties through their written submissions, just as issues in a trial are formed by the pleadings, pretrial order and discovery proceedings. Otherwise, defendant's argument goes, a party would not know what a panel considered and what formed the basis for its decision. In his oral decision the trial judge, who was also the chairman of the malpractice panel as provided in R. 4:21-4(a)(1), reasoned that the panel was "supposed to consider all aspects of the case" and R. 4:21-5(d) authorizes a panel to ask for the appointment of an additional medical expert "to assist it in the determination of the claim." Nevertheless, the trial judge concluded that "the Rule as framed does not give the Court the right to tell parties what to submit." As he saw it, the danger in allowing the panel to request additional information *158 is that it might become "an advocate" for one side or another. Accordingly, defendant's motion was granted.
We disagree with the conclusion reached by the trial judge and with defendant's contentions. Defendant has not contended that anything in the Middlesex General Hospital records was not relevant to the issues in the case. A submission of those hospital records does not necessarily entail an expansion of the issues in the case and plaintiff's basis for her malpractice claim. Just as a trial judge may participate in the production of evidence in a case by questioning witnesses, State v. Riley, 28 N.J. 188, 204-205 (1958), app. dism. 359 U.S. 313, 79 S.Ct. 891, 3 L.Ed.2d 832 (1959), calling witnesses, Band's Refuse Removal, Inc. v. Fair Lawn, 62 N.J. Super. 522, 547-548 (App.Div.), mod. on other grounds, 64 N.J. Super. 1 (App.Div.), certif. den. 33 N.J. 387 (1960), and appointing expert witnesses, Handleman v. Marwen Stores Corp., 53 N.J. 404 (1969), allowing a medical malpractice panel broad power to request information pertinent to the issues before it is in harmony with the spirit of R. 4:21.
R. 4:21-5(a) and (b) provide that the panel hearing shall be "informal" and the parties shall present their factual and legal contentions through narrative statements, questions and answers, written statements, sworn testimony "or in such other form as the panel deems appropriate." Subsection (b) of R. 4:21-5 also provides:
... The parties shall submit all written material including the original or copies of all hospital records and other reports upon which they shall rely to the members of the panel no later than ten (10) days prior to the hearing by filing same with the presiding judge.
R. 4:21-5(c) provides that the parties to the hearing may enter into stipulations at any time concerning the procedure and evidence and may extend the panel's jurisdiction to determine damages. As noted before, subsection (d) provides that the panel may ask for the appointment of "an additional doctor *159 having particular expertise in the specialty involved to assist it in the determination of the claim." It goes on to provide that the expert shall make a report to the panel and that the expert as well as the doctor member of the panel may be called as a witness by any party at a subsequent trial. R. 4:21-5(e) provides in part:
At the conclusion of a hearing, the panel shall make specific findings of fact as to whether there was malpractice and, if so, a specification thereof. It shall then enter and serve upon all parties to the action an appropriate order determining whether the claim is based on reasonable medical probability.[1]
R. 4:21-6 also provides that a penal may allow "a single rehearing" if agreed to by a majority of the panelists. Except as otherwise provided in the rule, all proceedings, records, findings and recommendations of the panel shall be confidential and shall not be used in any proceeding, R. 4:21-7, and "no statement or expression of opinion made in the course of the hearing shall be admissible in evidence either as an admission or otherwise in any trial of the action." R. 4:21-5(a).
R. 4:21-5(b), quoted above, contemplates the receipt of all hospital records upon which any party "shall rely." While it suggests that hospital records will be submitted, it recognizes that the production of evidence is the responsibility of the parties in the first place. The parties have the burden of producing evidence upon which they will rely. Nevertheless, *160 there is nothing in R. 4:21 to preclude a panel from seeking additional pertinent evidence. The broad purposes of R. 4:21 are stated in R. 4:21-1 as follows:
The procedure set forth in R. 4:21 is for the common interest of the public, the medical and legal professions in the processing of medical malpractice actions with the view toward discouraging baseless actions and encouraging settlement of those actions based on reasonable medical probability; to monitor efficiently these cases through the court; and, to assist in the early disposition of medical malpractice actions.
Although a party should produce all available material that is relevant to a claim or defense, the failure to do so should not preclude a panel from examining material, such as hospital records, for additional evidence that may be relevant. This will not introduce new issues, as respondent fears, for it is implicit in the rule that the panel is to decide those issues raised by the parties. Moreover, the panel can give both parties the opportunity to comment on the additional evidence to show whether it supports or refutes a claim or defense.
This conclusion is consistent with the provisions in the rule that allow for a rehearing and for the appointment by the panel of an additional medical expert. Cf. Handelman v. Marwen Stores Corp., supra, 53 N.J. at 411-414, upholding the right of a trial judge, in reviewing a workers' compensation claim, to expand the record to take the testimony of an impartial medical expert, and supporting the "inherent power" of an administrative judge, "as auxiliary to his power to decide an issue, to call and examine expert witnesses on his own motion where in his sound judgment he deems it necessary for a proper determination of the case," id. at 411, citing with approval Polulich v. J.G. Schmidt Tool Die & Stamping Co., 46 N.J. Super. 135 (Cty.Ct. 1957). We hold that a medical malpractice panel has the inherent power to require the production of additional evidence, here *161 the hospital records, if it deems it necessary for a proper evaluation of the claims or defenses in issue.
The record before us suggests that the material submitted to the panel was probably incomplete. The Middlesex General Hospital records, including surgical pathology reports requested by the panel's letter of June 11, 1979, might contain evidence bearing on the issue of malpractice. It is uncontroverted that no radiation therapy was prescribed by defendant. One doctor concluded that it should have been ordered. We presume that defendant's expert concluded otherwise. The issue is not whether hindsight alone demonstrates a course of treatment that should have been followed. Rather, what a reasonably skillful doctor should have done with the knowledge available to him during the course of treatment will determine the outcome of the dispute. Cf. Schueler v. Strelinger, 43 N.J. 330, 344-346 (1964).
Plaintiff's attorneys assert that they tried to obtain the Middlesex General Hospital records but failed. The record shows that plaintiff's attorneys wrote to that hospital as early as November 2, 1976 and December 10, 1976, asking for copies of all medical records and bills pertaining to plaintiff's hospitalizations. Plaintiff's attorneys also furnished the defense with written authorizations to obtain copies of those hospital records. While the record suggests that those hospital records were made available to the defense, they were never furnished to plaintiff's attorneys. Plaintiff's attorneys are not blameless, since they could have compelled the production of those records, R. 4:21-5(b), and probably should have made them available to their expert as part of a careful and thorough preparation of the case. Nevertheless, this background provides further justification for honoring the panel's request and granting plaintiff's subsequent request, on defendant's motion, to order the production of these records.
The trial judge erred in holding that he had no power to compel a party to produce readily available evidence such as *162 hospital records. While we agree that a panelist should not become an "advocate" for one party or another, the role of judging inevitably involves weighing evidence that supports or refutes certain propositions. In a collegial setting a panelist will advance his or her view of the evidence. Naturally this will tend to support the position of one party or another. But one can ask for the production of records, not knowing what they contain, without becoming an advocate for any party. Thus, we conclude that the trial judge had the power and should have exercised his discretion to order the production of the hospital records. A subpoena could have been issued to compel their production. R. 4:21-5(b).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] This section of the rule provides that the order shall be sealed and protected against disclosure but that, if the order expresses a unanimous disposition by the panel members, the findings are admissible in evidence at a trial on the request of any party but the "recommendation" shall not be binding upon the jury or a judge sitting as a factfinder but may be given such weight as the trier of fact determines in the light of all evidence presented at trial. The use of the report in this fashion has not been challenged and is not an issue in this case.