590 A.2d 171

**John Charles GLASSER**

v.

**STATE of Maryland.**

**No. 794, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 29, 1991.

Mark Colvin, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Valerie Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Jillyn K. Schulze, Asst. Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Argued before MOYLAN and FISCHER, JJ., and JAMES S. GETTY, Judge (Retired), Specially Assigned.

FISCHER, Judge.

After a non-jury trial in the Circuit Court for Baltimore County, John Charles Glasser, appellant, was convicted of manslaughter by automobile. For this offense, he was sentenced to five years imprisonment. Appellant now challenges his conviction by asking:

> Was a prosecution for manslaughter by automobile barred by the prohibition against double jeopardy?

Before addressing this question, we outline the underlying facts. On June 30, 1989, an automobile driven by appellant collided with another vehicle on the Baltimore Beltway. The driver of the other vehicle died as a result of injuries sustained during the collision. Appellant, meanwhile, was cited for driving the wrong way on a one-way street and driving while intoxicated. In lieu of standing trial, appellant paid a $35 fine on the charge of driving the wrong way on a one-way street. The State nol prossed the driving while intoxicated charge. A criminal information was subsequently issued charging appellant with manslaughter by automobile (count 1), homicide by motor vehicle while intoxicated (count 2), and six other related offenses. Appellant moved to dismiss counts 1 and 2 on the basis of double jeopardy, but the court denied appellant's motion.

The parties then proceeded on count 1 by way of an agreed statement of facts. The facts recited by the prosecutor revealed that, on the Baltimore Beltway in the early morning hours of June 30, 1989, appellant's vehicle swerved into a lane of oncoming traffic. While "traveling in the wrong direction on the inner loop of the beltway," the vehicle driven by appellant collided with a vehicle operated by Everett Jones. Mr. Jones died as a result of injuries sustained in the collision. Blood samples drawn from the appellant during the hours following the collision indicated that his blood alcohol level was between .253 and .226.

Investigation of the accident scene revealed approximately forty two feet of skid marks from Mr. Jones' vehicle. There was, however, no indication of braking at any time from appellant's vehicle. After the conclusion of the statement of facts, appellant renewed his motion to dismiss. The court denied the motion and convicted appellant of manslaughter by automobile.

On appeal, Glasser again contends that double jeopardy barred prosecution of the charge of manslaughter by automobile. In support of this argument, appellant relies upon *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Grady* involved a fatal automobile accident on a New York highway. The collision occurred when the automobile driven by Corbin crossed the double yellow line and struck two oncoming vehicles. The driver of one of the oncoming vehicles was killed as a result. Following the collision, Corbin was served with traffic citations for driving while intoxicated and failing to keep right of the median. He pleaded guilty to the traffic offenses, was fined, and temporarily lost his driving privileges.

Two months after the sentencing on the traffic offenses, Corbin was indicted for, among other things, reckless manslaughter, criminally negligent homicide, and reckless assault. The prosecution filed a bill of particulars indicating that to prove the charges it would rely on three acts: appellant's driving while intoxicated, his failure to keep right of the median, and his driving at an excessive rate of speed for the weather and road conditions at the time of the accident. Corbin moved to dismiss, arguing that the indictment subjected him to double jeopardy in contravention of the Fifth Amendment.

The Supreme Court ruled that the indictment was violative of double jeopardy principles. *Grady,* —— U.S. at ——, 110 S.Ct. at 2094, 109 L.Ed.2d at 566. Expanding the

traditional *Blockburger*[1] test, the Court enunciated the following rule:

> [T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Grady*, —— U.S. at ——, 110 S.Ct. at 2087, 109 L.Ed.2d at 557 (footnote omitted).

Applying this standard, the Court concluded:

> By its own pleadings, the State has admitted that it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore, the Double Jeopardy Clause bars this successive prosecution, and the New York Court of Appeals properly granted respondent's petition for a writ of prohibition. This holding would not bar a subsequent prosecution on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (i.e., if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence).

*Grady*, —— U.S. at ——, 110 S.Ct. at 2093–2094, 109 L.Ed.2d at 565–566 (footnote omitted).[2]

---

1. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

2. In *Gianiny v. State*, 320 Md. 337, 577 A.2d 795 (1990), Judge Bloom, specially assigned to the Court of Appeals, discussed the test announced in *Grady*. *Gianiny* concerned a defendant who, as a result of a fatal automobile accident, received several traffic citations including a citation for negligent driving. After Gianiny elected to pay the pre-set fine on the negligent driving citation, he was indicted for manslaughter by automobile and driving at an excessive rate of speed. Arguing double jeopardy principles, Gianiny moved to dismiss the manslaughter charge, but the trial court denied his motion. The Court of Appeals reversed and, in so doing, examined the elements of negligent driving and manslaughter by automobile. Concluding that

The posture of the case before us compels the same result as that in *Grady*.[3] Here, appellant was convicted of violating Art. 27, § 388 of the Ann.Code of Md., manslaughter by automobile. Section 388 provides in part:

> Every person causing the death of another as the result of the driving, operation or control of an automobile, motor vehicle ... in a grossly negligent manner shall be guilty of a misdemeanor to be known as 'manslaughter by automobile, motor vehicle ...' and the person so convicted shall be sentenced to jail or the house of correction for not more than 5 years, or be fined not more than $1,000.00 or be both fined and imprisoned.

To prove grossly negligent conduct on the part of appellant, the prosecutor averred, in the statement of facts, that the fatal collision occurred as appellant travelled in the wrong direction on the beltway. This, of course, echoed appellant's traffic citation for driving the wrong way on a one-way street. Appellant had previously admitted guilt on the traffic offense by paying the assessed fine. Subsequently, the State used the same conduct—driving the wrong way—to prove gross negligence, an element of manslaughter by automobile. Under the dictates of *Grady*, this procedure violated due process principles. We must, therefore, reverse appellant's conviction.

JUDGMENT REVERSED.

COSTS TO BE PAID BY BALTIMORE COUNTY.

---

negligent driving is a lesser included offense of manslaughter by automobile, the Court determined that, under the *Blockburger* or required evidence test, the offenses were the same for double jeopardy purposes, and a conviction of the lesser offense barred a subsequent prosecution for the greater. In light of this finding, it was unnecessary for the Court to apply the *Grady* test to facts of *Gianiny*.

**3.** *Accord Harrelson v. State,* 569 So.2d 295 (Miss.1990) (felony conviction reversed where, following a collision with another vehicle, appellant paid a traffic fine for driving on the wrong side of the road, and the prosecution subsequently relied, in part, on the same conduct to obtain a felony conviction for aggravated assault).